## Case No. 16,390.

### UNITED STATES v. STETSON.

[3 Woodb. & M. 164.]1

Circuit Court, D. Massachusetts. May Term, 1847.

INDICTMENT—DIFFERENT OFFENCES—JUDGMENT—WAIVER OF OBJECTIONS—LARCENY.

1. When an indictment describes in different counts different offences, and of different grades and punishments, implied from the same transaction, and the verdict is guilty of the last count only, judgment may properly be rendered on the verdict.

[Cited in brief in State v. Watson, 63 Me. 134.]

2. If articles stolen are alleged to belong to owners "unknown," the indictment is good on its face; and if the owners were, in fact, known, the objection should have been taken to the evidence at the trial for a variance or by special plea.

The respondent [Matthew Stetson] had been indicted and tried at the first session of this term, for a charge of piracy, in one count, for running away, piratically, in July, 1845, with a cargo of whale oil, at Sidney, in New South Wales, in the barque La Grange, a vessel belonging to citizens of the United States, of which he was commander, and which had sailed from New Bedford. In another count he was charged with larceny of the same oil. In both, the owners were described as unknown. At the trial he was found guilty of the second count.

His counsel, at the adjourned session of the court in September, A. D. 1847, filed a motion in arrest of judgment, a copy of which is annexed: "And now, after verdict and before judgment, the said Matthew, by his counsel assigned to him by the court, move the court in arrest of judgment, that the prisoner be discharged, for the causes following, viz.: 1st. Because the indictment avers the property to be of certain persons whose names are to the jurors aforesaid, unknown; and Atkins Adams, a witness on the trial, testified that he was one of the owners of said property; and that he appeared as a witness before the grand jury, who found the bill of indictment in this case; so that by inquiry, the grand jury might have ascertained the names of the owners, and ought to have averred them in the indictment. 2d. Because the first count is for felony, and the second for a misdemeanor, which two counts cannot be properly and legally joined in one indictment."

J. Wingate Thornton, for the prisoner.
Ch. Levi Woodbury, for the United States.

1 [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

WOODBURY, Circuit Justice. The first ground assigned for the motion in arrest of judgment has been fully considered by this court, in U. S. v. Peterson [Case No. 16,037]. There it was held that if two counts were united in one indictment for the same offence, describing it in the two as of different degrees of turpitude, so as to regard different kinds of punishment of like character, the judgment would not be arrested. And the impression conveyed is, that if the punishments were of a character clearly different, the motion would prevail; and the more especially so, if the crimes were connected with two different transactions. The reason for it then would be, that the court had no means of knowing of which grade of crime, under a general verdict, a jury had supposed the defendant to be guilty, if it was but one transaction; or of which of the two, if there were two transactions. But on the contrary, the inference might, perhaps, as well be in both cases, that the jury found the prisoner guilty under both counts, and both being good in form, the court might at least sentence him for either. In this case, however, there is no difficulty in rendering judgment on the last count alone, as the jury have found the prisoner guilty of that count alone. The transaction was also one and the same which was referred to in both counts. There is no danger to the prisoner in this course, and we are not aware of any precedents against it, when the verdict, as here, was not general on the whole indictment, but limited, ipsissimis verbis, to the last count. The cases cited for the prisoner on this point from 1 Chit. Cr. Law, 254; Archb. Cr. Pl. 60; and 3 Term R. 100, were, with many others, considered and explained in the Case of Peterson, before referred to.

In respect to the second objection, it resolves itself, when analyzed, into a question rather of fact than law. It is, in substance, that the indictment describes the owners of the oil stolen as "unknown," when in truth they were known,—one of the witnesses being the owner. But a motion in arrest cannot be maintained for an error in fact committed by the grand jury and existing in the indictment. It must rest on exceptions in law to what is alleged as a fact, and in law a description of the owners of the property as "unknown," is very common and is legal. See forms passim, 1 Chit. Cr. Law, 212; Hawk. P. C. bk. 2, c. 25, § 71; 2 Hale, P. C. 181; Cro. Car. 36; Plowd. 85b; 2 Chit. Cr. Law, 499. At the same time it may be in some views important to the prisoner to have the ownership stated truly; and the question is put by his counsel, how can he avail himself of a mistake in the indictment in this respect, unless by a motion in arrest? No difficulty is seen in objecting to the evidence at the trial, if it states the owners to be known, when in the indictment they are described as unknown. If the difference be material it would be considered

a fatal variance in the proof or in the probata from the allegata. 1 Chit. Cr. Law, 175, 213; 2 East, P. C. 651, 781; 3 Camp. 265, note; 2 Leach, 578. Again, perhaps, it might if material, be pleaded specially on leave at the time of filing the general issue. But in the present case the counsel for the prisoner is probably under a mistake in supposing all the owners of the oil were known at the trial. One of the owners of the ship was present at the trial; but he was only a part owner of either the ship or the cargo. And after the lapse of many years since the transaction, and the owners being numerous, there was an inherent difficulty in describing each of them, which probably led the grand jury and justified them to state that the owners were not known. Motion overruled.